UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH PARSON,<br>    Movant, | : | CIVIL ACTION NO. |
| | : | |
|     v. | : | 3:13-CV-00711-VLB |
| | : | |
| United States,<br>    Respondent. | :<br>: | November 2, 2015 |

**MEMORANDUM OF DECISION TRANSERRING THE SECTION 2255 MOTION AND DENYING THE MOTION FOR DEFAULT JUDGMENT**

In a motion dated May 12, 2013, Joseph Parson moves "to correct or reduce [the allegedly] illegal sentence" imposed in connection with his 2009 guilty-plea conviction for bank robbery, in violation of 18 U.S.C. § 2113(a), (d). ECF No. 1 (Mot.) at 1–2, 12. The motion invokes Federal Rule of Criminal Procedure 35, but the Court construes the motion to be seeking relief pursuant to 28 U.S.C. § 2255 because the motion raises constitutional, jurisdictional, and other fundamental errors in connection with Parson's 2009 bank robbery conviction. *See Jiminian v. Nash*, 245 F.3d 144, 148 (2d Cir. 2001) (permitting courts to construe motions without notice as made pursuant to § 2255 when movant filed prior § 2255 motion). Specifically, Parson argues that: (1) the bank robbery statute is invalid because it was enacted pursuant to unconstitutional procedures; (2) the trial court lacked subject matter jurisdiction; (3) the trial court and trial counsel improperly calculated Parson's Guidelines sentence; and (4) the Government failed to file a notice of sentencing enhancement, and trial counsel failed to object to the Government's error. ECF No. 1 (Mot.) at 1–11.

1

Parson's current Section 2255 motion is not his first: he previously argued that his trial counsel misadvised him with respect to the elements necessary to sustain a federal bank robbery conviction. D. Conn. 10-cv-1133, ECF No. 1 (§2255 Mot.) at 10. On November 22, 2011, this Court denied his Section 2255 motion as barred by AEDPA's one-year limitations period and as meritless. *Id.*, ECF No. 6 (Order). No separate judgment was entered. Parson appealed, but his appeal was dismissed in April 2012 for failure to move for a certificate of appealability. *Id.*, ECF No. 11 (Mandate).

The Court lacks jurisdiction over Parson's current Section 2255 motion because it is successive. 28 U.S.C. § 2255(h). A Section 2255 motion is successive "if a previous habeas petition filed by the movant challenged the same conviction or sentence and was adjudicated on the merits or dismissed with prejudice." *Carmona v. United States*, 390 F.3d 200, 202 (2d Cir. 2004). Parson's current Section 2255 motion once again attacks his federal conviction for bank robbery, and this Court adjudicated his prior Section 2255 motion on the merits. Moreover, Parson's first Section 2255 motion was final before Parson filed his current Section 2255 motion,[1] and the grounds for relief now asserted are

---

[1] The date on which the prior Section 2255 became "final," as that term is understood pursuant to *Ching v. United States*, 298 F.3d 174 (2d Cir. 2002), and *Whab v. United States*, 408 F.3d 116 (2d Cir. 2005), presents an interesting question, but this Court need not resolve it. The Court can imagine three possible dates that Parson's prior Section 2255 motion became final: April 22, 2012 (the date on which the Court of Appeals dismissed his appeal for failure to prosecute); June 19, 2012 (the last date on which Parson could appeal from this Court's November 22, 2011 order), *see Gillis v. United States*, 729 F.3d 641, 642 (6th Cir. 2013) ("[W]hen a district court fails to issue a separate judgment in denying a 28 U.S.C. § 2255 motion, a petitioner effectively has 210 days to submit an appeal."); and Monday, July 23, 2012 ("90 days" after the Court of Appeals

distinct from the argument previously asserted and do not otherwise challenge this Court's prior adjudication, *see Gonzales v. Crosby*, 545 U.S. 524, 530 (2005) (successive habeas petition seeks relief from judgment of conviction; Rule 60(b) motion attacks integrity of prior habeas). Accordingly, the Clerk of Court is directed to transfer this Section 2255 motion, pursuant to 28 U.S.C. § 1631, to the Court of Appeals for the Second Circuit to enable that court to determine whether Parson should be permitted to file his instant Section 2255 motion in this Court.

Parson also moves for default judgment. ECF No. 12 (Mot.). The Court cannot grant this motion for three reasons. First, a federal court cannot grant a default judgment in a habeas corpus proceeding. *Bermudez v. Reid*, 733 F.2d 18, 22 (2d Cir. 1984). Second, even if such a motion were cognizable, the Court lacks jurisdiction over this entire proceeding until the Court of Appeals says so. Third, the motion for default judgment is meritless: the Government timely answered the Section 2255 motion. Accordingly, the Court DENIES Parson's motion for default judgment.

IT IS SO ORDERED.

                                                                     /s/
                                            Vanessa L. Bryant
                                            United States District Judge

Dated in Hartford, Connecticut on November 2, 2015.

---

dismissed the appeal for failure to prosecute). The latest of these three dates occurred almost a year before Parson filed his instant Section 2255 motion.